IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANDREW LAMONT WILLIAMS,<br><br>Defendant. | Case No. 4:24-cr-9 |

## ORDER

Before the Court is Defendant Andrew Lamont Williams's Motion to Continue Trial. ECF No. 17. In support of the motion, defense counsel represents that on May 8, 2024, the government extended a plea offer to the defendant. *Id.* at 2. However, "with a trial date approximately four weeks away, there is not sufficient time for [the defendant] to properly consider the new plea offer, all before trial." *Id.* The government does not oppose the motion. *Id.* The trial is currently set for June 11, 2024. ECF No. 11.

Granting the defendant's motion would require the Court to set the matter for trial beyond the prescribed Speedy Trial Act deadline. The Speedy Trial Act generally requires that a criminal trial begin within 70 days of the filing of a criminal information or indictment or the defendant's initial appearance, "whichever date last occurs." 18 U.S.C. § 3161(c)(1). The Act outlines factors the court must consider in determining whether to grant a motion for a continuance including . . . "whether the failure to grant such a continuance . . . would make a continuation of such proceeding impossible, or result in a miscarriage of justice . . . would deny counsel for defendant

. . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(i–iv).

This Court has—as it must—considered the factors outlined in the Speedy Trial Act and balanced the request for a continuance against the best interests of the public and the defendant in a speedy trial. The only cause that defense counsel provides to the Court is that additional time is needed for the defendant to consider the plea deal that the government offered on May 8, 2024—without providing any explanation as to why "four weeks" is insufficient time to consider the offer nor any other reason why the Court should continue this case beyond speedy trial. That alone is insufficient to outweigh the best interests of the public and the defendant in a speedy trial. Defense counsel is welcome to submit a new motion if he believes that there is additional cause warranting a continuance of the trial beyond the date prescribed by the Speedy Trial Act.

Accordingly, it is **ORDERED** that Defendant Andrew Lamont Williams's Motion to Continue Trial (ECF No. 17) is **DENIED.**

The Clerk is **DIRECTED** to send a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

/s/
Jamar K. Walker
United States District Judge

Newport News, Virginia
May 16, 2024